**SIGNED THIS: June 12, 2008**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM JACOB HEROLD, JR., | ) | No. 07-81575 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| RICHARD E. BARBER, as Chapter 7 Trustee, and not personally, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No. 07-8139 |
| | ) | |
| WILLIAM JACOB HEROLD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the motion for summary judgment filed by Richard E. Barber, as Trustee (TRUSTEE), on his complaint against the Debtor, William Jacob Herold, Jr., (DEBTOR), seeking a denial of discharge under Sections 727(a)(2)(A) and (a)(2)(B).

The DEBTOR filed a Chapter 7 petition on July 23, 2007. Among the assets listed on Schedule B by the DEBTOR were a single bank account at IH Mississippi Valley Credit Union, with a balance of $500; a pending lawsuit against Howard Johnson Motel in Davenport, Iowa, shown as having a value of $32,000; and a 1992 20' Searay boat, motor and trailer valued at $6,500. The DEBTOR claimed the balance in the bank account as exempt under the wildcard and claimed the full value of the boat as exempt under 625 ILCS 45/3A-7(d).[1] No exemption was claimed in the lawsuit. At the time the petition was filed, the DEBTOR was unemployed.

The DEBTOR appeared at the first meeting held on September 4, 2008. The TRUSTEE objected to the DEBTOR'S claim of exemption in the boat, and with the agreement of his counsel, the claim of exemption was denied. Anticipating that he would have assets to administer which would result in a distribution to creditors, the TRUSTEE requested that a claims bar date be set. Seven unsecured creditors filed claims, totaling just over $78,000. Two of those creditors filed adversary proceedings objecting to the dischargeability of their debts. The DEBTOR failed to respond to either complaint and default judgments were entered against him.

The TRUSTEE filed a complaint to deny the DEBTOR'S discharge pursuant to Section 727(a)(2), on the grounds that he transferred, removed or concealed property with

---

[1] Section 3A-7(d) of the Illinois Boat Registration and Safety Act provides:

> A certificate of title is not subject to garnishment, attachment, execution or other judicial process, but this subsection does not prevent a lawful levy upon the watercraft.

This statute is not a general exemption provision and this Court has previously rejected claims of exemption based upon it. Had the DEBTOR'S attorney not agreed to allow the TRUSTEE'S objection, this Court would have ruled in the TRUSTEE'S favor.

2

the intent to hinder, delay or defraud creditors, both within the year prior to the filing of the petition and after the petition was filed.[2] Specifically, in Count I, the TRUSTEE alleges that the balance in the DEBTOR'S bank account was actually $6,409.59 and that the DEBTOR has failed to comply with his requests to turn over the nonexempt amount of $5,909.59. The TRUSTEE also alleges that the DEBTOR had a second bank account at I.H. Mississippi Valley Credit Union which was not disclosed. In addition, the TRUSTEE contends that the DEBTOR has failed to comply with his requests to provide documentation regarding his pending lawsuit. Count II, brought pursuant to Section 727(a)(2)(B), is premised upon the TRUSTEE'S belief that the DEBTOR sold the boat for $6,800 after the filing of the petition and the DEBTOR'S failure to turnover the proceeds, as requested by the TRUSTEE.

The DEBTOR filed an answer to the complaint, admitting only that he had a bank account in the name of his business and his individual name, with a petition date balance of $6,409.59 and that he had failed to comply with the TRUSTEE'S request for turnover of the nonexempt portion. A pretrial conference was held on January 29, 2008. The pretrial statement, filed by the TRUSTEE, noted that there were issues of fact and identified the legal issue as the DEBTOR'S right to a discharge given his failure to turn over property of the bankruptcy estate. Although the DEBTOR'S counsel did not sign the pretrial statement,

---

[2]The record is devoid of details as to the TRUSTEE'S attempts to obtain the non-exempt portion of the bank account and the proceeds from the sale of the boat or to procure the information regarding the unscheduled bank account or the pending lawsuit. Presumably, at the first meeting of creditors, the TRUSTEE informed the DEBTOR of his objection to the DEBTOR'S claim of exemption in the boat and of the DEBTOR'S obligation to surrender it should the TRUSTEE prevail. The TRUSTEE did not file a motion for turnover upon entry of the order denying the DEBTOR'S claim of exemption in the boat or upon discovering the true balance in the scheduled bank account, first seeking the DEBTOR'S voluntary cooperation. It may have been that by the time the TRUSTEE'S patience wore thin, the DEBTOR had expended the funds.

3

he represented that the TRUSTEE'S statement of the DEBTOR'S position was accurate. The parties concurred with the Court's assessment that there were no questions of fact other that the DEBTOR'S state of mind. Noting that the DEBTOR had failed to respond to requests to admit, the TRUSTEE advised the Court that he intended to file a motion for summary judgment. Dates were set for the filing of the motion and a response by the DEBTOR.

The TRUSTEE filed a motion for summary judgment, relying on the DEBTOR'S admission in his answer and his failure to timely respond to the requests to admit the remaining allegations in the complaint, which results in those matters also being admitted.[3] The DEBTOR failed to respond to the motion for summary judgment.

*ANALYSIS*

Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment will be granted only where it is clear that there is no dispute about the facts or inferences to be drawn therefrom. *Central Nat. Life Ins. Co. v. Fidelity and Deposit Co.*

---

[3]Under Fed.R.Civ.P. 36(a)(3), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7036, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection ...." The DEBTOR did not timely respond to the TRUSTEE'S requests to admit.

4

*of Maryland*, 626 F.2d 537 (7th Cir. 1980). Inferences to be drawn from underlying facts must be viewed in the light most favorable to parties opposing the motion. *In re Chambers*, 348 F.3d 650 (7th Cir. 2003). It is not the role of the trial court to weigh the evidence or to determine its credibility, and the moving party cannot prevail if any essential element of its claim for relief requires trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant bears the burden to prove each fact material to its claim and to establish that each fact is not in genuine dispute. If the movant fails to make that showing, summary judgment is not proper and must be denied. *In re Rogstad*, 126 F.3d 1224, 1227-28 (9th Cir. 1997). Where no response is filed in opposition to a motion for summary judgment, the court should only enter judgment in favor of the moving party if it is appropriate. Fed.R.Civ.P. 56(e). The court must examine the evidentiary matter in support of the motion for summary judgment to determine the absence of a genuine issue and that the uncontested facts entitled the movant to relief as a matter of law. *Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565 (7th Cir. 1992); *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241 (2nd Cir. 2004). Default admissions can serve as the factual predicate for summary judgment. *U.S. v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987); *Central States, Southeast and Southwest Areas Pension Fund v. GL & B Leasing Co., Inc.*, 874 F.Supp. 217 (N.D.Ill. 1995).

Denial of a debtor's discharge is considered to be a harsh and drastic penalty. *In re Lindemann*, 375 B.R. 450 (Bankr.N.D.Ill. 2007). Consistent with the goal underlying the Bankruptcy Code of affording debtors a "fresh start," the grounds for denial of discharge

listed in Section 727 are strictly construed in favor of the debtor. *Matter of Juzwiak*, 89 F.3d 424 (7th Cir. 1996). In exchange for the fresh start, however, debtors are required to present themselves accurately and truthfully before the court. *In re Hammitt*, 289 B.R. 670 (Bankr.C.D.Ill. 2001). An objector seeking denial of discharge bears the burden of proving each of the elements of the applicable claim by a preponderance of the evidence. *In re Scott*, 172 F.3d 959, 966-67 (7th Cir. 1999).

Section 727(a)(2)(A) provides that a court shall grant a debtor a discharge unless "the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property ... has transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, within one year before the date of the filing of the petition." In order to prevail under this provision, a plaintiff must prove by a preponderance of the evidence that (1) the debtor; (2) transferred, removed, destroyed or concealed; (3) the debtor's property; (4) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property. *Village of San Jose v. McWilliams*, 284 F.3d 785 (7th Cir. 2002). Essentially, the exception consists of two components: an act, i.e., a transfer or a concealment of property, and an improper intent, i.e., a subjective intent to hinder, delay or defraud a creditor. *In re Kontrick*, 295 F.3d 724 (7th Cir. 2002). Because direct evidence of a fraudulent intent is rare, fraudulent intent may be inferred from the debtor's actions and may be proved by circumstantial evidence. *Matter of Yonikus*, 974 F.2d 901 (7th Cir. 1992). In determining whether a debtor has acted with intent to defraud, the debtor's "whole pattern of conduct" should be considered. *Lindemann, supra*. Denial of

discharge need not be premised on an intent to defraud, but also upon an intent to hinder or delay the objecting creditor or trustee. *In re Butler*, 377 B.R. 895 (Bankr.D.Utah 2006). The elements for Section 727(a)(2)(B) are substantially the same as those for Section 727(a)(2)(A), except that the plaintiff must prove that the debtor transferred or concealed property of the estate after the bankruptcy petition was filed.

   The TRUSTEE'S motion for summary judgment is premised upon the DEBTOR'S failure to turn over the nonexempt portion of the scheduled bank account and his failure to turn over the proceeds from the sale of the boat. In addition, the TRUSTEE contends that the DEBTOR failed to turn over information concerning a second bank account and his pending lawsuit. The TRUSTEE'S theory under Section 727(a)(2) is one of concealment. While "concealment" for purposes of Section 727(a)(2) typically involves secretion of assets or a transfer of legal title to another while the debtor retains the benefits of ownership of the property, the Seventh Circuit has interpreted it more broadly to include "preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known." *Scott, supra*; *Butler, supra*. However, a mere failure to disclose assets on a bankruptcy petition, without evidence of a prepetition transfer coupled with an intent to defraud creditors, cannot be the basis for denial of discharge under Section 727(a)(2)(A). *In re Snodgrass*, 359 B.R. 278 (Bankr.D. Idaho 2007).[4] But a failure to disclose assets on the petition coupled with an affirmation at the first meeting of creditors that the schedules are true and correct may constitute a concealment for purposes of Section 727(a)(2)(B). *Id; In re Sowers*, 229 B.R 151 (Bankr.N.D. Ohio 1998).

---

[4] A different result occurs if, prior to the filing of the petition, the funds are transferred to an account in the name of another person. *See, In re Post*, 347 B.R. 104 (Bankr.M.D.Fla. 2006).

7

While the DEBTOR'S failure to list the correct balance of the bank account at the IH Mississippi Credit Union, may, upon proper proof, constitute a false oath under Section 727(a)(4)(A), resulting in denial of the DEBTOR'S discharge, the TRUSTEE'S allegation of an underreporting of the balance does not constitute a "concealment" under Section 727(a)(2)(A).[5] *See In re Zimmerman*, 320 B.R. 800 (Banrk.M.D.Pa. 2005) (no "concealment" where real estate plainly listed on proper schedule, even if substantially undervalued); *See In Slater*, 318 B.R. 881 (Bankr.M.D.Fla. 2004); *In re Martin*, 239 B.R. 610 (Bankr.N.D.Fla. 1999) (if "concealment" encompasses the purposeful undervaluing property, Section 727(a)(4) would be superfluous).

The DEBTOR'S failure to list the second bank account on his bankruptcy schedules may constitute concealment under Section 727(a)(2)(B). Unfortunately, the record contains no information as to the balance in the bank account on the date the petition was filed. Nor has the TRUSTEE indicated how the account was discovered. Standing alone, no determination could be made that the omission was made with the intent to hinder, delay or defraud creditors.

Conceding that issues of intent can rarely be resolved on summary judgment, the TRUSTEE relies on *In re Chavin*, 150 F.3d 726 (7th Cir. 1998). In *Chavin*, the bankruptcy court granted the trustee's motion for summary judgment on his complaint to deny the

---

[5]In order to prevail under Section 727(a)(4)(A), a plaintiff must prove:

> (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.

*In re Spitko*, 357 B.R. 272 (Bankr.E.D.Pa. 2006).

8

debtor's discharge based on his false oaths and concealment, determining that, without any possibility of doubt, the debtor had made seventeen false material statements which evidenced a pattern of reckless disregard for the truth. Upholding the ruling of the district court affirming that decision, the Seventh Circuit applied the exception to the rule that summary judgment is inappropriate where intent is at issue – saved for extreme cases – where the proffered testimony is "utterly implausible in light of all relevant circumstances." *Id*. at 728. Finding the debtor's denial of an intent to defraud creditors or the trustee to fit that bill, the court stated:

> [The debtor] is a mature and experienced businessman who on the eve of bankruptcy had properties worth millions of dollars. The questions that he claims not to have understood were not esoteric, and his explanations for his failure to answer them correctly are ridiculous. Here are some examples. Though president and sole shareholder of a real estate management company suggestively named Chavin Enterprises, Inc., [the debtor] did not list his position as president or his stock ownership in response to questions about both office and stock ownership. He claimed that the stock was worthless, but of course that was for the creditors to decide; he offered no explanation for his failure to list his office. He failed to disclose a partnership interest in commercial real estate and tried to justify the failure by saying that the partnership had been dissolved a few weeks before the bankruptcy proceeding began; but in the face of his partner's sworn denial that it had dissolved that early, [the debtor] was unable to substantiate his claim. He failed to disclose a valuable stock option on the preposterous ground–one he could not, as an experienced businessman, have believed–that because the option was not assignable, it had no value. He failed to disclose some $1.6 million in income, explaining that he "was wondering when the paralegal would ask me about my other earnings." And so it goes. In none of these instances, or any of the others on the list of 17 (more than 40 false statements were alleged, but the bankruptcy judge generously determined that with respect to 23 there was a genuine issue of material fact concerning [the debtor's] state of mind), could a reasonable person believe [the debtor's] stated reason for his false representation or omission.

In fact, the court referred the case for possible prosecution for bankruptcy fraud and the debtor was later convicted of tax and bankruptcy fraud. *U.S. v. Chavin*, 316 F.3d 666 (7th Cir. 2002).

In contrast, this case cannot be characterized as "extreme." Too many facts are missing. The issue of the DEBTOR'S intent is disputed, material, outcome determinative and requires a trial to decide. Accordingly, summary judgment in favor of the TRUSTEE at this stage of the proceedings is inappropriate.

The TRUSTEE'S reliance upon Section 727(a)(2) is unfortunate. The admitted facts show that this is primarily a case of a debtor's failure to turn over to the trustee nonexempt funds. All Chapter 7 debtors have a statutory obligation to surrender to the trustee all nonexempt property of the estate. 11 U.S.C. § 521(a)(4). This duty is absolute, immediate and unconditional, and is not contingent upon a demand by the trustee. To the extent that the trustee makes a turnover demand, as the TRUSTEE did here, the debtor is required to comply.[6] In principle, the Court agrees with the TRUSTEE, that a hardworking Chapter 7 trustee should not be forced, in the face of a recalcitrant debtor's noncompliance, to file a motion seeking an order for the debtor to turn over assets that he is statutorily obligated to surrender without a demand or an order.

The reality departs from the principle, however, in many of these cases, and there is a good reason why the trustee would want to have a turnover order in hand before proceeding under Section 727(a). Section 727(a) does not contain a provision for denial of discharge solely on the basis that a debtor failed to comply with his duty under Section

---

[6] If a debtor believes a "defense" to turnover exists, the debtor should file a pleading raising the defense.

10

521(a)(4) to surrender nonexempt assets. Discharge may be denied where the debtor has refused to obey a court order. 11 U.S.C. § 727(a)(6)(A). Without a turnover order, a debtor's noncompliance with his surrender obligation is not actionable under Section 727(a)(6)(A). The TRUSTEE could have obtained a turnover order and then proceeded under that provision. Instead, he chose to proceed under Section 727(a)(2), which requires proof of an act, usually a transfer, made with a wrongful intent, a more difficult burden of proof than required by Section 727(a)(6)(A), and one that almost always precludes summary judgment.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###